WOOD RITTENHOUSE ET AL. *v.* ANTOINETTE LEIGH.

1. PARTNERSHIP.  *Married woman.   Holding herself out as partner.*
  *Quære,* Is a married woman, who holds herself out as a member of a commercial firm, liable for firm debts, when not an actual partner.

2. SAME.  *Use of married woman's name against her consent.*
  If, on hearing that the firm is using her name, she forbids it, and never hears that her prohibition is violated, she is not estopped thereby to deny that she is a partner.

ERROR to the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

*W. C. McLean*, for the plaintiffs in error.

1. It was decided by the circuit judge that, in order to hold a married woman liable for a partnership debt, it is necessary that she be actually a partner, or, in other words, she is not liable if she is only a nominal or ostensible partner. This construction of our statute is erroneous, inconsistent with justice, and opposed to the adjudications of some of the most learned tribunals in the land. The reason upon which a nominal or ostensible partner is held liable for the debts of the firm is not that he has any actual interest in the partnership funds or profits, but because he has allowed his name to be held out to the world as a partner, and that, by reason of such holding out, persons have given credit to the firm. This is to preserve good faith and to prevent fraud, and it has been said to be almost the only ground of an estoppel *in pais*. The doctrine of estoppel applies to married women. *Levy* v. *Gray*, 56 Miss. 318; *Shivers* v. *Simmons*, 54 Miss. 520. In the recent changes in the common law, effected by statute, whereby married women have been given the power to make contracts and control property independently, it is not very clear how far the law of torts has been modified. We should probably be safe in saying that, so far as they give validity to a married woman's contracts, they put her on the same footing with other persons, and, when a failure to perform a duty under a contract is itself a tort, it may doubtless be treated as such in a suit against a married woman. Cooley on Torts, 118. The tendency of legislation, guided by lessons of experience and enlightened judgment, is to a larger freedom from the common-law disabilities of coverture. Where the legal capacity exists, the contract stands upon the same footing as if she was unmarried. *Netterville* v. *Barber*, 52 Miss. 168; *Newman* v. *Morris*, 52 Miss. 402. She is liable for fraudulent representations when she is the purchaser of goods. *Baum* v. *Mullen*, 47 N. Y. 577. Under Code 1871, § 1780, a *feme covert* has the unqualified right and power to engage in trade or business; and it is well settled that she may be estopped by her acts and declarations in all matters in respect to

which she is capable of acting *sui juris*. *Nash* v. *Mitchell*, 71 N. Y. 199. *Bodine* v. *Killeem*, 53 N. Y. 93, holds that she is bound by the appearance of being a partner. To the same effect is the case of *Bitter* v. *Rathman*, 61 N. Y. 512, in which the court said that the defendant (a *feme covert*) having suffered herself to be regarded by the public as a partner was liable to the creditors of the ostensible firm. So, also, is the case of *Scott* v. *Conway*, 58 N. Y. 619, in which the court held that a married woman carrying on a separate business is held to the truth of the appearance. The same doctrine is announced in 2 Bishop on Married Women, §§ 490, 495, 442 note. The statute giving power to engage in trade or business gives by implication the power to enter into a partnership, and the contracts of the firm are her contracts. *Newman* v. *Morris*, 52 Miss. 402 ; 2 Bishop on Married Women, §§ 236, 442, 436 ; *Plumer* v. *Lord*, 5 Allen, 460, 462.

2. When Mrs. Leigh ascertained that her name was on the letter-heads, it was her duty to take such steps to notify the public that she objected to that use of her name, as an honest, cautious and prudent man would have done under similar circumstances, and unless she did that she is liable. This will scarcely admit of argument. Parsons Part. 134, 135, 146, 147. Indeed, if she neglected to give public and notorious notice, she is liable. *Polk* v. *Oliver*, 56 Miss. 566, is decisive of this proposition. If a person knows that his name is used, and neither consents or refuses, then he is to be held as consenting ; and when he does anything which might fairly produce this impression, or when another does this, and he fails to do what he should to prevent the impression that he is a partner, then he is as much liable as if he called himself a partner. The penalty is as great for acts of omission as for those of commission. Parsons Part. 134, 146, 147, notes 31, 33.

*G. Y. Freeman*, for the defendant in error.

1. A married woman cannot, under Code 1871, § 1780, be bound as a partner, unless she is or has been a member of the firm. The statute, which enables a married woman to bind her separate property in a few certain and specified modes, is in derogation of the common law, and the meaning cannot be extended. It must be conceded that, save when she is enabled

by statute to make an executory contract, she is powerless. We must then look to the statute to find the power. Mrs. Leigh has never actually engaged in "trade or business as a *feme sole*." She was never a member of the firm. How is it possible then to find the power to bind her in that statute, which says that, when she does engage in business as a *feme sole*, she may be bound upon contracts, provided such contracts are made in the course of such trade or business? The case of *Wright* v. *Walton*, 56 Miss. 1, settled this. The court say that she must have a plantation before she or the husband can make a supply contract. Her plantation is the predicate of the power to make the contract. A false representation that she has such property will 'not estop her from averring that the fact was otherwise, because her capacity to contract is dependent upon the actual ownership of the plantation, and she cannot be held liable for any misrepresentation, or estopped to deny a contract which she was powerless to make. That the married woman must be an actual partner to be bound is again clearly recognized in *Magruder* v. *Buck*, 56 Miss. 314, where the court pronounced a judgment against a married woman void, because the declaration on which it was rendered described the married woman as "doing business as a *feme sole*," and did not aver that she was "engaged in trade or business as a *feme sole*."

2. If the principle were applicable to married women, it could not avail the plaintiff in error. Mrs. Leigh did not permit her name to be held out as a member of the firm. On the contrary, she forbade its use as soon as she heard that it was on the letter-heads. She had no knowledge that her name was used afterwards, and cannot be held for subsequently contracted debts. Knowledge and implied consent are essential. No public notice was required. Parsons Part. 144–146, 132, 134. The principle announced in the case of *Polk* v. *Oliver*, 56 Miss. 566, is inapplicable here. Mrs. Leigh was not a retiring partner. The wife would have little protection from the married woman's law, if her husband could bind her for his debts by the unauthorized use of her name.

*Fitz Gerald & Whitfield*, on the same side, filed a brief upon the facts, contending that Mrs. Leigh did every thing possible

to prevent an imposition upon the public, and that she would not, even if a *feme sole*, have been bound by the unauthorized use of her name in violation of her injunction, and of which she never heard.

GEORGE, C. J., delivered the opinion of the court.

The bill of exceptions in this case was taken to the judgment of the Circuit Court overruling the motion of the plaintiffs in error for a new trial, and we are therefore not bound to reverse for an erroneous charge given to the jury, if we are satisfied that upon the evidence the verdict was right. We shall not therefore decide upon the correctness of the charge given for the defendant below, in which it is laid down that a married woman cannot be held as a member of a partnership unless it appear that she was an actual partner. If it be conceded that this instruction is wrong, and that a married woman holding herself out as a member of a firm would be estopped to deny that she was a partner, the evidence does not show that she ever held herself out as such, or knowingly permitted others to do so. Her name was printed on the letter-heads used by the firm as a partner, but it is shown that, as soon as she learned of this, she complained to her husband and the other member of the firm, and requested them to discontinue such use, and that they promised to do so. It is not shown that she afterwards knew that this promise was violated. We do not think she was compelled to do more than make this request, it not being shown that she had notice that it was not observed.                    *Judgment affirmed.*